# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1884 | **DATE** | 10/11/2012 |
| **CASE TITLE** | Flava Works, Inc vs. Terry | | |

**DOCKET ENTRY TEXT**

Coming before the Court on defendant Gregory Terry's Motion to Transfer the case to the Middle District of Florida [4], the Court grants the motion for the reasons stated herein.  Plaintiff's motion to compel [5] is denied as moot.  Status hearing set to 10/19/2012 is stricken.

■[ For further details see text below.]                                                                                          Docketing to mail notices.

## STATEMENT

Coming before the Court on defendant Gregory Terry's Motion to Transfer the case to the Middle District of Florida, the Court grants the motion for the reasons stated herein.

On October 27, 2011, plaintiff Flava Works, Inc. filed a Second Amended Complaint against fifteen defendants, including Gregory Terry, alleging copyright and trademark infringement, and seeking to enjoin the defendants from downloading, copying and distributing the adult videos maintained on plaintiff's membership-only website. On March 13, 2012, Judge Chang granted the defendants' motion to sever and the complaint against Terry was assigned to this Court. Terry filed an Answer to the Amended Complaint in which he denies that this Court has personal jurisdiction over him. On June 26, 2012, Terry filed a Motion to Transfer asserting a lack of personal jurisdiction in this district. Terry argues that he is a Florida resident and has no contact with Illinois. Therefore, Terry contends that the Middle District of Florida is the proper venue and moves to transfer on the ground of *forum non conveniens*.

Flava Works asserts that Terry waived the issue of personal jurisdiction because he filed an Answer

**STATEMENT**

and did not move to dismiss for lack of personal jurisdiction. However, this Court finds that Terry did not waive personal jurisdiction because he disputed personal jurisdiction in paragraph 5 of his Answer and filed the instant motion to transfer. *See* Fed.R.Civ.P. 12(h)(1)(B)(ii). Flava Works further asserts that the forum selection clause in the terms and conditions of the Flava Works membership subscription governs personal jurisdiction and stipulates that parties to the agreement "consent to the personal jurisdiction and venue of the courts located in Cook County, Illinois or Miami-Dade County, Florida." Flava Works contends that Terry "would have been required to agree to its terms and conditions" and "would not have been able to access to [sic] member sites unless he had agreed to the terms and conditions of Flava Works, Inc. by clicking on 'I Agree". (Pl.'s Response Brief, Dkt. 9 at 4). Flava Works has not presented any evidence that Terry did in fact agree to the terms and conditions. Moreover, even assuming Terry agreed to the forum selection clause, it clearly states the jurisdictions in the alternative with no method for determining how the selection is made or who can make it. Florida clearly has personal jurisdiction over Terry, who admits that he is a Florida resident and consents to jurisdiction in the Middle District of Florida. Thus, we consider whether Florida is a more convenient venue.

Pursuant to section 1404(a), "a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). In this district, the party moving for a transfer of venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986). Courts generally consider the following factors to assess the convenience of the forum: the availability of and access to witnesses, and each party's access to and distance from resources in each forum. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Also considered by courts are the location of material events and the relative ease of access to sources of proof. *See, e.g., Sassy, Inc. v. Berry*, 406 F. Supp. 2d 874, 876-77 (N.D. Ill. 2005); *Brandon Apparel Group, Inc. v. Quitman Manufacturing Co.*, 42 F. Supp. 2d 821, 833-34 (N.D. Ill. 1999). A court analyzing whether to transfer a case separately evaluates

**STATEMENT**

the "interest of justice" as it relates to the efficient administration of the court system. *See Research Automation, Inc.,* 626 F.3d at 978 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 626-27, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

Terry argues that Florida is the more convenient forum because the same language of the terms and conditions agreement that Flava Works suggests governs jurisdiction holds Illinois and Florida as equal options for jurisdiction and venue. Terry further asserts that Flava Works' exhibits suggest that its Miami office is its primary location especially since no Illinois address is offered for any office, officer, or employee of Flava Works but the documents list a Miami, Florida, address for the Copyright Agent, the Custodian of Records, Rights & Permission office, and all official correspondence.

Indeed, a review of Flava Works' own documents all provide Florida addresses. The Second Amended Complaint states that Flava Works' principal place of business is in Miami, Florida, where it is incorporated. The Second Amended Complaint lists an Illinois address and the affidavit of Flava Works' CEO, Phillip Bleicher, avers that while the videos are filmed in Florida, all the post-production work and professional staff, including Bleicher, is located in the Chicago office. Bleicher also attests that the physical servers that host Flava Works' websites are in Chicago, Illinois. Despite Bleicher's statement, however, all correspondence is directed to the Florida office. More important for purposes of the instant motion, the Custodian of Records for Flava Works is in Florida. Since Flava Works' own documents provide for jurisdiction in Florida, Florida is at least an equally convenient venue. Much of the evidence, including Terry's computer and records, is located in Florida. While there may be some evidence located in the Chicago office and at least one witness in Illinois, according to Flava Works' own documents, its' general counsel, intellectual property counsel, and custodian of records are all in Miami, Florida. Accordingly, this Court grants defendant Terry's Motion to Transfer to the Middle District of Florida.